# EXHIBIT C



| | |
|---|---|
| April 10, 2020 | Robert A. Burgoyne<br>RBurgoyne@perkinscoie.com<br>D. +1.202.654.1744<br>F. +1.202.624.9548 |

**VIA E-MAIL (SRUBY@BAILEYGLASSER.COM)**

Steven R. Ruby
Bailey Glasser LLP
209 Capitol St.
Charleston, WV 25301

Re: City of Huntington et al. v. AmerisourceBergen Drug Corp. et al., No. 3:17-01362; 3:17-01665 (S.D. W. Va.)

Dear Mr. Ruby:

We represent the National Board of Medical Examiners (NBME). I am writing on NBME's behalf to object to the subpoena you sent to NBME on March 27, 2020 by email. As you know, NBME agreed to accept service of the subpoena by way of email, as a courtesy, on March 30, 2020.

The subpoena purports to seek a broad range of documents over a 24+ year period that do not appear to have anything to do with Cardinal Health's role as a drug distributor. Cardinal Health and its attorneys have not made any effort to avoid imposing undue burden on non-party NBME, and NBME reserves all rights under Rule 45, including the right to seek cost-shifting under Rule 45(d)(2)(B)(ii) if any production occurs.

NBME's objections are based on the information reasonably available to it in the short period of time allowed for these objections to be served. NBME may raise additional objections as it learns more about the issues underlying the litigation and/or the scope and burden of the requests propounded by Cardinal Health.

## General Objections

1. The subpoena is facially unreasonable. It purports to require production of a broad range of documents and information dating back over 24 years, in only two weeks.[1] This request would be unreasonable under any circumstances, but it is particularly unreasonable as propounded in the middle of the COVID-19 pandemic. NBME's offices are closed, and it is working to adjust its testing operations to make its assessments—critical to the licensing of new physicians— available in this new environment. This is not a time of "business as usual" for NBME. Although

---

[1] There is a typo in the subpoena indicating the date and time of production is April 14, 2009. We assume that the production date was intended to be April 14, 2020.

Steven R. Ruby
April 10, 2020
Page 2

this should have been reasonably known to Cardinal Health before serving the subpoena, no allowance was made for the current environment (other than Cardinal Health's request for NBME to accept service by email).

2. The litigation to which this subpoena relates includes numerous defendants and a 1,603-paragraph Third Amended Complaint. Cardinal Health has pleaded 122 affirmative defenses. NBME does not have a full understanding of the litigation, but it appears that Cardinal Health is being sued in its role as a distributor of opioids. *See* Third Amended Complaint ¶¶ 822-60. Plaintiffs allege, among other things, that Cardinal Health "failed to meet its suspicious order monitoring requirements, failed to stop shipment on suspicious orders, and failed to effectively prevent diversion in breach of its duties under state and federal law." *Id.* ¶ 824.

NBME has no relationship to Cardinal Health. It is a nonprofit organization that strives to help protect the public welfare by developing and administering high-quality examinations. NBME co-sponsors the United States Medical Licensing Examination ("USMLE"), a standardized examination that evaluates whether applicants have the minimum skills necessary to provide safe and effective patient care. Medical licensing authorities across the country rely on the USMLE as part of their licensure process.

Although it is not entirely clear what documents Cardinal Health expects to obtain through its subpoena requests—which address the topic of "pain management" as discussed or reviewed by NBME and/or its committees or subcommittees—there is no indication that any such documents or information reference or relate to Cardinal Health. The requests, collectively and individually, also are not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of complying with the broadly worded subpoena requests, which significantly outweigh any likely benefit from the discovery.

3. Cardinal Health and its attorneys have failed to take reasonable steps to avoid imposing undue burden or expense on NMBE.

4. NBME objects to the subpoena to the extent that any compliance would impose significant expense on NBME.

5. NBME objects to the subpoena to the extent it seeks disclosure of any confidential, non-public information, including in particular any confidential test content from the USMLE, disclosure of which could compromise the integrity of exam results.

6. NBME objects to the subpoena requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, or to the extent they purport to require NBME to log any

Steven R. Ruby
April 10, 2020
Page 3

documents withheld on the grounds of any privilege or protection, as any such request would be unduly burdensome and not proportional to the needs of the case.

### Objections to Definitions in the Subpoena

1.    NBME objects to the definition of "You" and "Your" to encompass "predecessors, successors, and assigns [of NBME], and all others acting or purporting to act on the NBME's behalf, including any members, committees, subcommittees, working groups, and joint task forces." The references to "assigns" and "others acting or purporting to act on the NBME's behalf" are vague and potentially overly broad as applied to the requests in the subpoena.

### Objections to Instructions in the Subpoena

1.    NBME objects to the instructions to the extent that they seek to impose production requirements on NBME that are unduly burdensome given NBME's status as a non-party, including requirements regarding production of electronic records and bates-labelling.

2.    NBME objects to the time frame of the requests, which seeks documents from January 1, 1996 to the present (a 24+ year time period). Requests for documents from a non-party across this broad period of time are facially unreasonable, overly broad, and unduly burdensome. Subpoena requests over this extended time period, collectively and individually, also are not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

### Objections to Documents Requested

**1.    Request 1: Documents and Communications sufficient to identify the members of any committees, subcommittees, working groups, or task forces with responsibilities related to the pain management (including the monitoring, measuring, and treatment of pain by healthcare professionals).**

NBME objects to this request. It appears that there are words missing from, or extra words in, the request, and the request is therefore vague. Even without the typo, the request is vague, overly broad, and unduly burdensome, given that, among other things, it seeks documents over a 24+ year period, about individuals whose "responsibilities" in any capacity relate to "pain management."

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health. The request also is not proportional to the needs of the case,

Steven R. Ruby
April 10, 2020
Page 4

considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

NBME will not search for or produce any documents in response to this request.

**2.      Request 2:  All Documents and Communications with any federal, state, or local legislative, administrative, regulatory, or enforcement bodies concerning pain management (including the monitoring, measuring, and treatment of pain by healthcare professionals).**

NBME objects to this request.  It is overly broad and unduly burdensome given that, among other things, it seeks "all" Documents and Communications on this subject regardless of whether such documents were prepared or sent by NBME.  It appears to seek Documents and Communications sent anywhere in the nation, to any federal, state, or local bodies, over a 24+ year period, "concerning" pain management, which is overly broad and unduly burdensome.  The reference to "pain management" is also vague and overly broad.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health.  The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

 NBME will not search for or produce any documents in response to this request.

**3.      Request 3:  All minutes, agendas, notes and other records, including audio and/or visual recordings, of or from any public or non-public meeting of NBME, including any committees or subcommittees thereof, in which Prescription Opioids, or practices regarding pain management (including the monitoring, measuring, and treatment of pain by healthcare professionals) were discussed.**

NBME objects to this request.  It is overly broad and unduly burdensome given that, among other things, it seeks "all" minutes, agendas, notes, and "other records" of any kind for any meeting over the course of the past 24+ years in which "pain management" or Prescription Opioids were "discussed."  This request is facially unreasonable.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health.  The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of

Steven R. Ruby
April 10, 2020
Page 5

this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

NBME will not search for or produce any documents in response to this request.

**4.     Request 4: Any materials or publications you created or approved concerning the use, risks, or benefits of any medications used for pain management (including the monitoring, measuring, and treatment of pain by healthcare professionals), including Prescription Opioids.**

NBME objects to this request. The reference to "materials" is vague and overly broad, and the request as a whole is overly broad and unduly burdensome given the time period at issue and the request for "any materials or publications" created or approved by NBME "concerning" the "use, risks, or benefits" of "*any* medications used for pain management," including Prescription Opioids, over the course of a 24+ year period.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health. The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

NBME will not search for or produce any documents in response to this request.

**5.     Request 5: All Documents and Communications reflecting or relating to analyses by You concerning the use of Prescription Opioids to treat chronic pain, including the creation of prescribing guidelines or any revisions thereto.**

NBME objects to this request.

The request for "all" Documents and Communications "reflecting or relating to" analyses by NBME "concerning" the use of Prescription Opioids over the course of a 24+ year period is overly broad and unduly burdensome.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health. The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

NBME will not search for or produce any documents in response to this request.

Steven R. Ruby
April 10, 2020
Page 6

**6.     Request 6:  All Documents and Communications relating to the legitimate need for and/or use of Prescription Opioids, including studies, reports, investigations, or analysis regarding the benefits and/or medical uses of prescription opioid medications that were prepared by, received by, or participated in by You.**

NBME objects to this request.

The request is overly broad, vague and unduly burdensome, including its request for "all" Documents and Communications over the course of a 24+ year period "relating to" the "legitimate need" for and/or use of Prescription Opioids.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health.  The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

NBME will not search for or produce any documents in response to this request.

**7.     Request 7:  All Documents and Communications relating to the testing and grading of content related to pain management (including the monitoring, measuring, and treatment of pain by healthcare professionals) and/or Prescription Opioids on the United States Medical Licensing Examination (USMLE) and other medical licensing examinations.**

NBME objects to this request.

The request is overly broad and unduly burdensome, including its request for "all" Documents and Communications "relating to" the topics identified and its request for documents and information relating to "other medical licensing examinations," all over the course of a 24+ year period.

NBME further objects to this request the extent it seeks disclosure of any confidential test content and/or grading rubrics from the USMLE, disclosure of which could compromise the integrity of exam results.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health.  The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

Steven R. Ruby
April 10, 2020
Page 7

NBME will not search for or produce any documents in response to this request.

**8.     Request 8: All Documents and Communications concerning any committee, subcommittee, working group, or task force that developed content or questions for the USMLE or other medical licensing examinations related to pain management (including the monitoring, measuring, and treatment of pain by healthcare professionals) and/or Prescription Opioids.**

NBME objects to this request.

The request is overly broad and unduly burdensome, including in its request for "all" Documents and Communications "concerning" any of the groups listed over the course of a 24+ year period.

NBME further objects to this request the extent it seeks disclosure of any confidential test content from the USMLE, disclosure of which could compromise the integrity of exam results.

The documents or information sought do not appear to have any relevance to the claims asserted against Cardinal Health.  The request also is not proportional to the needs of the case, considering: NBME's resources relative to Cardinal Health; the minimal, if any, importance of this discovery in resolving the claims against Cardinal Health; and the burden and expense of the subpoena requests, which significantly outweigh any likely benefit from the discovery.

NBME will not search for or produce any documents in response to this request.

*******

Please direct any communications regarding this subpoena to my attention.  Thank you.

Very truly yours,

/s/ Robert A. Burgoyne

Robert A. Burgoyne