**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARDINAL HEALTH, INC., <br><br> Petitioner, <br><br> v. <br><br> NATIONAL BOARD OF MEDICAL EXAMINERS, <br><br> Respondent. | Civil Action No. 2:20-mc-00057-BMS |

## NBME'S CROSS-MOTION TO QUASH CARDINAL HEALTH'S RULE 30(B)(6) DEPOSITION SUBPOENA

Non-party National Board of Medical Examiners ("NBME") hereby moves to quash the Rule 30(b)(6) deposition subpoena served by Cardinal Health, Inc. ("Cardinal") on April 17, 2020, three years after the start of the underlying West Virginia opioid lawsuit filed against Cardinal and other wholesale drug distributors (to which NBME has no connection), and just before the close of discovery in that case. *See* **Ex. A** hereto.

The 30(b)(6) subpoena calls for a deponent (or deponents) to testify regarding nine broad topics, each covering the last 24 years. *Id.*, Att. A. It also unreasonably defines non-party NBME as including anyone "act[ing] on NBME's behalf, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces." *Id.* That definition would easily encompass more than a hundred individuals and entities outside of NBME and its staff. The subpoena originally set the deposition for May 29, 2020, *id.*, but Cardinal has revised the subpoena to set a June 26, 2020 deposition date, *see* **Ex. B** hereto.

NBME hereby asks the Court to quash Cardinal's Rule 30(b)(6) subpoena. As set forth in NBME's accompanying memorandum (Dkt. No. 4), the subpoena is remarkably overbroad and

burdensome (in terms of both content and time period) and seeks information from a non-party of little, if any, relevance to Cardinal or to the underlying litigation.

Compounding those issues, the COVID pandemic has drastically impacted NBME's operations, forcing NBME to close its Philadelphia offices and also closing the test centers in which the United State Medical Licensing Examination ("USMLE") is administered.  Declaration of Ken Ridgley ("Ridgley Decl.") (Dkt. No. 4-1), ¶¶ 13, 15.  Many NBME employees have been diverted from their typical duties to adjust testing operations so the USMLE can be taken during the ongoing public health crisis.  *Id.* ¶¶ 15-16. Complying with Cardinal's Rule 30(b)(6) deposition subpoena—which would require substantial time from one or more employees—would interfere with  NBME's testing-related efforts, which are critical to licensing new doctors.  *Id.* ¶¶ 21-27.

In the alternative, NBME asks this Court to modify the subpoena such that (1) it is limited to the five years for which Cardinal's actions are at issue in the West Virginia lawsuit (2007-2012); (2) the definition of "NBME" in the subpoena does not include individuals or entities with whom NBME is, or has been, affiliated and is instead limited to NBME staff; and (3) the topics to be addressed are limited to the assessment of the use of opioids, other prescription drugs, or other means of managing pain on the USMLE Step 1, Step 2 CK, or Step 3 exams.

Dated: May 29, 2020    By: /s/ Michael E. Sacks

Michael E. Sacks (Pa. Bar No. 39774)
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
Phone: 215-255-8590
sacksme@hamburg-golden.com

Robert A. Burgoyne (*pro hac vice* application forthcoming)
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Phone: 202-654-6200
RBurgoyne@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on May 29, 2020, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for Plaintiff.

/s/ Michael E. Sacks
Michael E. Sacks

*Attorneys for National Board of Medical Examiners*