IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARDINAL HEALTH, INC.<br><br>     Petitioner,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>     Respondent. | No. 2-20-mc-00057-BMS |

**MEMORANDUM IN OPPOSITION TO NBME'S CROSS-MOTION TO QUASH CARDINAL HEALTH'S RULE 30(B)(6) DEPOSITION SUBPOENA**

The National Board of Medical Examiners ("NBME") creates and administers the sole licensing exam for all would-be medical doctors in this country—the United States Medical Licensing Examination ("USMLE"). In the past decade, NBME has allowed its exam questions on pain management to be reviewed by at least two groups of external experts—the Interprofessional Pain Management Competency Program (IPMCP) and the American Academy of Hospice and Palliative Medicine (AAHPM). Both groups concluded that the USMLE's pain management questions were deficient and recommended broader assessments of pain management and risk mitigation in opioid prescribing and specific questions on non-opiate treatment of pain and other symptoms. NBME conceded that those criticisms were correct and that it needed to change its exam.

NBME's admitted failings as the medical profession's gatekeeper are important evidence of the causes of America's opioid crisis. Cardinal Health already has agreed to limit NBME's 30(b)(6) deposition to three narrowly circumscribed topics: (1) the background, purposes, and general operation of NBME and the USMLE, which it develops, owns, and administers; (2) the

external reviews of USMLE questions by the IPMCP and the AAHPM, including NBME's responses to those reviews; and (3) the USMLE's test questions on pain management, including the preparation of those questions and communications regarding them.  Cardinal Health will take the deposition at NBME's offices, minimizing the burden on NBME.  NBME's cross-motion to quash the deposition, like Cardinal Health's motion to compel discovery responses from NBME, should be transferred under Federal Rule of Civil Procedure 45(f) to the Southern District of West Virginia, where the underlying cases are pending, but if it is not, the Court should order the deposition to proceed on the narrowed topics which Cardinal Health has already offered.

## PROCEDURAL BACKGROUND

On March 27, Defendant Cardinal Health, Inc. ("Defendant" or "Cardinal Health") subpoenaed NBME for the production of documents relating to the IPMCP and AAHPM reviews and the underlying test materials relating to pain management.  *See* Cardinal Health, Inc.'s Motion to Compel Discovery Responses from National Board of Medical Examiners (Dkt. No. 1).  On April 17, Defendant subpoenaed NBME for deposition testimony on nine topics related to its testing of pain management, under Federal Rule of Civil Procedure 30(b)(6).  On April 30, Defendant amended that subpoena to make it more convenient for NBME by adjusting the location of the deposition to NBME's own offices in Philadelphia.  Defendant noted in its April 30 cover letter to NBME that it was willing to schedule the deposition for a mutually acceptable date, subject to two limiting factors: (1) the deposition cannot take place until after the requested documents have been produced; and (2) due to the Court-imposed June 15, 2020 deadline for completing all fact discovery, Defendant requested that the deposition be scheduled to take place

no later than June 15.[1]  Yet, NBME has refused to produce all but a handful of the requested documents and waited a month before moving to quash Defendant's 30(b)(6) deposition subpoena—putting Defendant up against the wire of its deadline to complete fact discovery.[2]  Defendant has since notified NBME that it is willing to sharply narrow the deposition topics, limiting them to the three topics described above.

## ARGUMENT

**I.  Exceptional Circumstances Warrant Transfer of the Motion to the Issuing Court and Would Not Burden NBME.**

Defendant hereby incorporates all of its arguments for transferring these subpoena-related motions to the issuing court made in its briefs supporting its Motion to Compel Discovery Responses from NBME (Dkt. Nos. 1-6; 6-1).  Without restating all of those arguments here, Defendant reiterates that under Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court … if the court finds exceptional circumstances."  Exceptional circumstances warrant transfer "if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013 amendments).  Here, in sum, three exceptional circumstances warrant transfer to the issuing court: (1) the history and complexity of the opioid litigation, (2) the involvement of a Special Master who has background knowledge and established discovery procedures to evaluate discovery issues under a tight schedule, and (3) the centrality of the

---

[1] Pursuant to Defendants' requests, the Court subsequently modified the case schedule and moved the close of fact discovery to July 27, 2020.

[2] Defendant was not dilatory in requesting this discovery from NBME.  The underlying litigation was remanded from the federal MDL on January 14, 2020, and the presiding court entered a scheduling order on March 5, 2020.

relevancy dispute to this Motion. Moreover, NBME would not be burdened by transfer because nothing would require any of its representatives or counsel to physically travel to West Virginia in connection with the cross-motion or the deposition itself, which Defendant has offered to take at NBME's offices in Philadelphia.

## II. If the Court Does Not Transfer the Motion, It Should Deny NBME's Cross-Motion To Quash and Enforce the Deposition Subpoena.

### A. NBME's Testimony Is Relevant and Unique.

Defendant hereby incorporates all of its arguments on the relevance and need for discovery from NBME made in its briefs supporting its Motion to Compel Discovery Responses from NBME (Dkt. Nos. 1-6; 6-1). The cases from this jurisdiction that NBME cites in its Cross-Motion for its argument to quash the deposition subpoena are inapposite. In the first case, the court denied the motion to quash where the non-party movant did not meet the "**heavy burden** of establishing that compliance with the subpoena would be 'unreasonable and oppressive'" and instead required compliance subject to a protective order. *Frank Brunckhorst Co. v. Ihm*, No. MISC. 12-0217, 2012 WL 5250399, at *4 (E.D. Pa. Oct. 23, 2012) (internal citations omitted) (emphasis added). In the second case, the subpoenaed non-party was a foreign non-profit with only eight employees and the court took into account the Supreme Court's direction that courts supervising pretrial discovery proceedings over foreign entities "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position," but the court still opted to limit the subpoena rather than quash it because the discovery was relevant. *In re Auto. Refinishing Paint*, 229 F.R.D. 482, 495–97 (E.D. Pa. 2005) (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

### B. The Scope of the Deposition Subpoena Is Reasonable.

NBME complains that the subpoena defines "NBME" as including anyone "act[ing] on NBME's behalf, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces." That definition does not mean that the 30(b)(6) deponent needs to speak for all such persons, but rather that they should be prepared to discuss what the relevant NBME actors knew and were doing.  Further, NBME's request to modify the subpoena to limit it to 2007 to 2012 would defeat the purpose of this discovery because the key time periods for this discovery are the late 1990's and early 2000's—when doctors were taught to prescribe opioids regularly for the treatment of chronic pain and, in turn, opioid prescribing increased across the country—and from roughly 2012 to the present—when awareness of the opioid abuse crisis led to reviews and changes to how NBME tested issues related to pain management.

### C. At a Minimum, the Court Should Limit the Deposition Subpoena to Defendant's Three Priority Topics.

Defendant already has narrowed the 30(b)(6) deposition testimony topics from the original nine to just three: (1) the background, purposes, and general operation of NBME and the USMLE, which it develops, owns, and administers; (2) the external reviews of USMLE questions by the IPMCP and the AAHPM, including NBME's responses to those reviews; and (3) the USMLE's test questions on pain management, including the preparation of those questions and communications regarding them.   NBME asks the Court to limit (if it does not quash) the deposition subpoena to the "the assessment of the use of opioids, other prescription drugs, or other means of managing pain on the USMLE Step 1, Step 2 CK, or Step 3 exams." That topic is too narrow and arguably would allow NBME's designated 30(b)(6) deponent to dodge questions relating to the development, purpose, review, discussion, and evolution of pain

management questions over the relevant timeframe, which is the crucial discovery Defendant needs from NBME in connection with defenses regarding alternative causes of Plaintiffs' alleged injury.

### III.     Conclusion

For the reasons set forth above, the Court should transfer NBME's cross-motion to the issuing court in the Southern District of West Virginia, or in the alternative, deny NBME's cross-motion and order NBME to provide a 30(b)(6) deponent prepared to testify on at least Defendant's three priority topics.

Dated: June 12, 2020

*/s/ Patricia Mulvoy Kipnis*
Patricia Mulvoy Kipnis
Bailey & Glasser LLP
923 Haddonfield Road, Suite 307
Cherry Hill, NJ 08002
Telephone: (856) 324-8219
pkipnis@baileyglasser.com

Enu Mainigi
F. Lane Heard III
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com
***Counsel for Petitioner Cardinal Health, Inc.***

## CERTIFICATE OF SERVICE

    I, Patricia Mulvoy Kipnis, hereby certify that a copy of the foregoing **MEMORANDUM IN OPPOSITION TO NBME'S CROSS-MOTION TO QUASH CARDINAL HEALTH'S RULE 30(B)(6) DEPOSITION SUBPOENA** was electronically filed on June 12, 2020, via the Court's CM/ECF System, which will send notification of such filing to counsel of record.

    */s/ Patricia Mulvoy Kipnis*
    Patricia Mulvoy Kipnis