**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

CARDINAL, INC.,

               Petitioner,

    v.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

               Respondent.

Civil Action. No. 3:20-cv-00453

**REPLY MEMORANDUM IN SUPPORT OF NBME'S CROSS-MOTION TO QUASH
CARDINAL HEALTH'S RULE 30(B)(6) DEPOSITION SUBPOENA**

Cardinal Health's 30(b)(6) deposition subpoena is unduly burdensome under Fed. R. Civ.

P. 45. This Court should therefore grant non-party National Board of Medical Examiners'

("NBME's") motion to quash.[1]

**ARGUMENT**

**I.      The Court should quash Cardinal's 30(b)(6) deposition subpoena.**

Cardinal's 30(b)(6) deposition subpoena not only seeks irrelevant information but unduly

burdens NBME—a non-party with no connection to the underlying opioid litigation. The

subpoena should be quashed under Fed. R. Civ. P. 45(d)(3)(A).

---

[1] Both NBME's cross-motion to quash Cardinal's 30(b)(6) subpoena and Cardinal's motion to compel production of documents were transferred to this Court by the Eastern District of Pennsylvania. *See* Dkt. 15 (July 1, 2020); *Cardinal Health Inc., v. Nat'l Bd. of Med. Exam'rs*, No. 2:20-MC-00057-BMS (Dkts. 12 & 14) (E.D. Pa. June 22 & 29, 2020). As a result, the following documents are now before this Court: (1) Cardinal's motion to compel production of documents (Dkt. 1), NBME's opposition (Dkt. 4) and Cardinal's reply (Dkt. 6); and (2) NBME's cross-motion to quash Cardinal's deposition subpoena (Dkt. 4 & 5), Cardinal's opposition (Dkt. 9) and this reply. On June 24, 2020, Special Master Wilkes gave NBME leave to file this reply and requested that it include Fourth Circuit precedent, which NBME has incorporated.

**Lack of Relevance.**  As a threshold matter, the deposition subpoena should be quashed because it "seeks information irrelevant to the case"—"a per se undue burden."  *Weckesser v. Knight Enters. S.E., LLC*, No. 2:16-CV-2053-RMG, 2019 WL 2090098, at *1 (D.S.C. May 13, 2019); *see Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012) (reasoning that lack of relevance is a ground for quashing a subpoena); *Farrar v. Cessna Aircraft Co.*, No. 2:18-CV-00461, 2019 WL 418432, at *5 (S.D.W. Va. Feb. 1, 2019) (granting motion to quash subpoena because the discovery sought was not relevant).

NBME argued that the USMLE does not establish the standard of care for doctors prescribing pain medication (just as, for example, the Multistate Bar Examination does not establish the standard of care for lawyers being sued for malpractice).  Dkt. 4, at 13-14.  Cardinal concedes that the USMLE does not establish the standard of care but nebulously argues that "it *reflects* it in a unique way[.]"  Dkt. 6-1, at 5.  Cardinal does not explain the difference.  Nor does it explain why secure USMLE content is relevant if it does not establish the standard of care.

Even if a "reflection" of the standard of care were somehow relevant, Cardinal merely surmises that "USMLE questions *presumably* reflect [it]."  *See* Dkt. 4, at 13 (emphasis added).  But speculating that the USMLE *could* "reflect" the standard of care cannot establish relevance.  *See CSX Transp., Inc. v. Gilkison*, No. 5:05-CV-202, 2013 WL 85253, at *12 (N.D.W. Va. Jan. 7, 2013) (holding that speculative evidence was irrelevant, and thus inadmissible); *Bouygues Telecom, S.A. v. Tekelec, Inc.*, No. 4:05-CV-78-FL, 2006 WL 8438418, at *2 (E.D.N.C. Nov. 6, 2006) (denying motion to compel where the moving party "offer[ed] only conclusory, speculative allegations that [the] documents could be relevant").[2]

---

[2] Cardinal's speculation is unsurprising given that there are much better, more logical sources that actually do establish the relevant standard of care.  *See infra*, page 4-5.

Perhaps recognizing that its original theory of relevance does not withstand scrutiny, Cardinal invented a new one in responding to NBME's motion to quash: that it seeks "discovery into [NBME's] role in the opioid crisis."  Dkt. 6-1, at 6; *see also* Dkt. 9, at 1.  Cardinal's newly asserted claim that NBME is somehow involved in the opioid crisis and trying to hide it is completely unwarranted and unsubstantiated—Cardinal does not cite a *single* document or other piece of supporting evidence.  NBME, moreover, categorically denies the allegations.  Cardinal's groundless attempt to manufacture a theory of relevance should be rejected outright.

Because Cardinal has failed to rebut NBME's argument that the discovery sought is irrelevant, this Court should quash the subpoena.  *See Weckesser*, 2019 WL 2090098, at *1.

\* \* \* \*

Even assuming the 30(b)(6) deposition testimony that Cardinal seeks has some degree of relevance (and, as set forth above, it does not), the subpoena should be quashed because it unduly burdens non-party NBME.  *See Farrar*, 2019 WL 418432, at *3 ("Simply because information is discoverable under Rule 26 . . . does not mean that discovery must be had," and "[d]iscovery that seeks relevant information may nevertheless be restricted or prohibited[.]").

Courts "*must* quash or modify a subpoena that . . . subjects a [non-party] to undue burden." Fed. R. Civ. P. 45(d)(3)(A), (iv) (emphasis added).  In evaluating whether a subpoena imposes an undue burden, courts consider "factors such as relevance, the need for the documents, the breadth of the document request, the time period covered by such request, the particularity with which the [discovery is] described, and the burden imposed."  *United States v. Meridian Senior Living, LLC*, No. 5:16-CV-410-BO, 2018 WL 5723930, at *4 (E.D.N.C. Nov. 1, 2018).  "Non-party status is [another] factor[] the court uses in weighing the burden of imposing discovery," *id.*, and is given special weight, *see In re: Am. Med. Sys., Inc.*, MDL No. 2325, 2016 WL 6666890, at *5 (S.D.W.

Va. Nov. 10, 2016) ("In the context of a non-party, particular consideration should be given to . . . intrusiveness [and] undue burden[.]").  Thus, in assessing a non-party's interests, the scope of discovery is more limited, and courts "must apply a more demanding variant of the proportionality analysis[.]"  *Jimmy A. Dunn Excavating Co. v. Eagle Pipeline, LLC*, No. 2:16-CV-04409, 2020 WL 1876338, at *2 (S.D.W. Va. Apr. 15, 2020).

Here, the 30(b)(6) subpoena is unduly burdensome because it (1) is directed to a non-party; (2) seeks unnecessary information; (3) requires an excessive expenditure of time that will compromise NBME's efforts to transition testing operations during the ongoing pandemic; (4) is overbroad; and (5) is of marginal relevance, if any (*see supra*, pgs. 2-3).

**No Need for Information from Non-Party NBME.**  As an initial matter, Cardinal has not "explain[ed] why it cannot obtain the same information, or comparable information [elsewhere]," for example, "from other third parties that would be more logical targets for the subpoena."  *Jimmy A. Dunn Excavating*, 2020 WL 1876338, at *4.  Cardinal's silence is critical because, as this Court has stressed in the underlying lawsuit, "[Rule 45(d)] *requires* the Court to take into account the requesting party's substantial need for the discovery."  *City of Huntington v. AmerisourceBergen Drug Corp.*, 2020 WL 2747282, at *1 (S.D.W. Va. May 27, 2020) (emphasis added); *see also ISpine, PLLC v. Allstate Prop. & Cas. Ins. Co.*, No. CV-ELH-20-145, 2020 WL 705176, at *6 (D. Md. Feb. 12, 2020) ("considering whether the information is necessary and whether it is available from any other source").

NBME identified numerous, much more logical and informative sources which—unlike secure USMLE test content and questions relating to such content—*do establish* the "changing standard of care," and either can be provided by another entity Cardinal has already subpoenaed (*e.g.*, the DEA, the West Virginia Board of Pharmacy, or the West Virginia Board of Medicine),

or which *are publicly available* (*e.g.*, information from the FDA, the CDC, boards that provide practice guidelines, state regulations and advisory guidelines, or accreditation bodies).  *See* Dkt. 4, at 14-17.

Because Cardinal does not address *any* of these far more compelling sources in responding to non-party NBME's motion to quash, the Court—"sensitive to the costs imposed on nonparties"—should recognize that those numerous "more convenient, less burdensome" options are not only sufficient, but preferable.  *Goard v. Crown Auto, Inc.*, No. 6:15-CV-35, 2017 WL 6381703, at *2 (W.D. Va. Jan. 5, 2017); *see Jimmy A. Dunn Excavating*, 2020 WL 1876338, at *4 (precluding discovery where the moving party did not "adequately demonstrate[] its need for the requested discovery" and "ha[d] [not] responded to [the] argument that [another entity] is the proper object . . . of discovery").

Compounding Cardinal's silence on alternative sources, the 30(b)(6) testimony it seeks relies largely on the anticipated production of documents whose attempted compelled production comes too late under the Court's scheduling order.  *See City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:15-CV-01362, Dkt. 410, at 3 (S.D.W. Va. May 11, 2020) (instructing that "**Written/Document Discovery** is to be completed by **June 12, 2020**," and that "the parties should file any necessary motion to ensure that outstanding discovery disputes, *including those involving third parties*, may be ***decided prior to the June 12, 2020 deadline***" (emphasis added)).[3]  Cardinal

---

[3] Given that document discovery has closed, NBME submits that Cardinal's cross-motion to compel the production of additional documents by NBME is moot. *See* Dkt. 1 (seeking NBME's secure exam content); *see e.g.*, *HSBC Mortg. Servs. Inc. v. Martinez*, 2014 WL 11497802, at *2 (D.N.M. May 22, 2014) ("[T]he Court finds that this motion should be denied as moot with regard to any other discovery because the parties' discovery deadline has passed."); *Njos v. Argueta*, 2014 WL 5313939, at *4 (M.D. Pa. Oct. 16, 2014) (denying motion to extend time to conduct discovery as moot "because the discovery deadline passed").

has represented multiple times that NBME's production of documents is a *prerequisite* to the 30(b)(6) subpoena—and one of its proposed topics relates specifically to the USMLE questions sought through its motion to compel. *See* Dkt. 9, at 2 (assertion by Cardinal that "the deposition cannot take place until after the requested documents have been produced"); Dkt. 5-1 ("[Cardinal] cannot take the deposition until after the requested documents have been produced[.]").  Because Cardinal is no longer entitled to those documents under the Court's scheduling order, a deposition necessarily based on such documents would be pointless (even if the supplemental documents had been the proper subject of Cardinal's document subpoena—and they were not, *see* Dkt. 4).[4]

**Overbreadth.**  The 30(b)(6) subpoena is also impermissibly broad.  *In re: Am. Med. Sys., Inc.*, MDL No. 2325, 2016 WL 3077904, at *2 (S.D.W. Va. May 31, 2016) (reasoning that an "overbroad subpoena . . . imposes [an] undue burden").  Even as narrowed, the three topics (1) cover a *24-year* period, and (2) include not only NBME, but anyone "act[ing] on NBME's behalf, including any affiliates, programs, employees, directors, agents, contractors, representatives, board members, committees, subcommittees, working groups, and task forces." *See* Dkt. 5-1, Att. A.

First, Cardinal's assertion that testimony spanning 24 years is appropriate "because the key time period for this discovery are the late 1990's and early 2000's" effectively ignores that

---

[4] Cardinal's attempt to blame NBME for its own failure to comply with the Court's deadlines should be flatly rejected. Dkt. 9, at 3.  In arguing to the Eastern District of Pennsylvania that it "was not dilatory in requesting this discovery from NBME," Cardinal indicated that discovery in this case did not begin until March 2020.  *See* Dkt. 6-1, at 2; Dkt. 9, at 3 n.2 ("[T]he cases were stayed for years in the MDL" and, once remanded on January 4, 2020, "the presiding court entered a scheduling order on March 5, 2020.")  But, as this Court is well aware, Cardinal was engaged in discovery long before the cases were remanded—at the latest, starting in October 2019.  *See, e.g.*, *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:15-CV-01362, Dkt. No. 149-1 ("Distributor Defendants' First Set of Interrogatories to Plaintiffs").

Cardinal's actions are only at issue from 2007 to 2012.  Dkt. 9, at 5; *see* Dkt. 4, at 15, 25 (NBME's argument that the claims against Cardinal only cover five years).  If there is a link between claims against Cardinal covering only a relatively recent time period and testimony from an NBME witness about decades-old events, Cardinal does not identify one.  *ISpine*, 2020 WL 705176, at *7 ("Allstate has not demonstrated the need for its sweeping inquiry," where, "*[w]ithout explanation*, [it] seeks documents beginning with January 2017—*two years before the disputed procedure*." (emphasis added)).

Second, Cardinal argues that its expansive definition of "NBME" "does not mean that the 30(b)(6) deponent needs to speak for all such persons, but rather that they should be prepared to discuss what the relevant NBME actors knew and were doing."  Dkt. 9, at 5.  But that is a non-sensical distinction without a difference.  Testimony "about what other individuals or entities knew or did [during that 24+ year period], who were somehow affiliated with NBME . . . would be virtually impossible to provide[.]"  Dkt. 4-1, ¶ 24.

**Harm to NBME and the Public.**  The undue burden of complying with Cardinal's deposition subpoena is only aggravated by the ongoing public health crisis, which has forced non-party NBME to divert substantial time and resources toward exploring new avenues for administering its licensing exams.  Dkt. 4-1 ¶ 16.  "Many staff, diverted from their typical duties, are dedicating their time to creating new test forms so students can test at medical schools, while working to account for special groups of test-takers, such as international medical students and disabled examinees who need accommodations[.]"  *Id.*  Ken Ridgely—NBME's Vice President, Test Development, and the person who is likely to testify on NBME's behalf if required—has been working 10-12 hours a day for months, in furtherance of these efforts.  *Id.* ¶¶ 25-26.  Mr. Ridgley's "ability to perform [his] responsibilities as the person in charge for test development for the

USMLE program would be meaningfully interrupted and compromised if [he] must appear [and prepare] for the deposition," and "[i]f other NBME employees also had to prepare for and appear at such a deposition . . . their work would be negatively impacted in a similar manner." *Id.* ¶ 27; *see Weckesser*, 2019 WL 2090098, at *1 (D.S.C. May 13, 2019) ("A subpoena that would require a non-party to incur excessive expenditure of time . . . is unduly burdensome.").

The significant time required to prepare for the deposition will hinder NBME's efforts to administer its testing operations—critical to licensing new doctors—amidst the pandemic (a pandemic that, even as this brief is being filed, has seen so many new cases that several states are reconsidering ongoing and planned re-openings). That harm to NBME and the public outweighs any purported benefit to Cardinal of obtaining testimony "potentially" relevant to "reflecting" what the standard of care might have been at some historic period(s) regarding prescribing pain medications, particularly given "that this Court must give the nonparty status of a subpoena's recipient special weight." *Jimmy A. Dunn Excavating*, 2020 WL 1876338, at *3.

Cardinal ignores NBME's evidence and argument as to burden, except to claim that it would be lessened because Cardinal "offered to take [the deposition] at NBME's offices in Philadelphia." Dkt. 9, at 4; *see id.* at 2 ("Defendant amended th[e] subpoena to make it more convenient for NBME by adjusting the location of the deposition[.]"). But that assertion is, at best, misleading. Cardinal "offered" to take the deposition in Philadelphia in its amended subpoena because that is what Rule 45 requires—and *only after* NBME notified Cardinal's counsel that the original subpoena impermissibly set the deposition location in West Virginia. *See* Fed. R. Civ. P. 45(c) (deposition must take place within 100 miles of deponent's residence or workplace, or within the deponent's state of residence or employment).

Cardinal also argues that NBME's cases are "inapposite," Dkt. 9, at 4, but inaptly analyzes

the facts of two cases NBME had cited only for the legal propositions stated therein, not their facts. *See* Dkt. 4, at 24. Cardinal ignores the four factually analogous decisions that NBME cited (from courts in this Circuit and others) as supporting quashing 30(b)(6) subpoenas. *Id.* at 24-25 (citing *Reeves v. Town of Cottageville*, 2014 WL 197743, at *2 (D.S.C. 2014); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012); *Stiles v. Walmart Inc.*, 2020 WL 1976426, at *8 (S.D. Ohio 2020); *Gen. Foods Corp. v. Computer Election Sys., Inc.*, 1980 WL 30300, at *1 (S.D.N.Y. 1980)).

Applying that case law, which Cardinal does not rebut, the 30(b)(6) deposition subpoena should be quashed. The harm to NBME and the public it serves—coupled with NBME's non-party status, the overbreadth of the subpoena, and the lack of demonstrated need for the information (let alone a coherent theory of relevance)—constitute an undue burden under Rule 45.

## II.     If the Court does not quash the deposition subpoena, it should modify it.

If the Court does not quash the 30(b)(6) subpoena, NBME respectfully requests that it be modified. *See* Dkt. 4, at 25. For the reasons discussed above, the Court should (1) limit the relevant time period to 2007-2012—the only years during which Cardinal's actions are at issue in the underlying lawsuit, and (2) narrow the definition of "NBME" to NBME itself, excluding individuals or entities with whom NBME is or has been affiliated.

On the substance, the three proposed topics—even as narrowed by Cardinal[5]—are overly broad, and, as noted above, depend necessarily on the production of documents outside the deadline set by the Court's scheduling order. *See* Dkt. 9, a 5 (Cardinal's proposed third topic

---

[5] Cardinal represented that it "already has agreed to limit NBME's 30(b)(6) deposition to three narrowly circumscribed topics: (1) the background, purposes, and general operation of NBME and the USMLE, which it develops, owns, and administers; (2) the external reviews of USMLE questions by the IPMCP and the AAHPM, including NBME's responses to those reviews; and (3) the USMLE's tests questions on pain management, including the preparation of those questions and communications regarding them." Dkt. 9, at 2, 5.

would concern "the USMLE's test questions on pain management").  NBME thus requests, if the subpoena is not quashed, that the topics be limited to the first two noted in Cardinal's narrowing of its initially-noticed topics (*see supra*, note 5), and to general inquiries regarding how NBME goes about developing content for the USMLE, including content relating to the use of opioids, other prescription drugs, or other means of managing pain (as opposed to inquiries regarding specific exam questions, which should not be subject to production for the reasons stated in NBME's opposition to Cardinal's motion to compel, Dkt. 4, and because of the Court's document production scheduling order).

Cardinal asserts that such narrowing would allow NBME "to dodge questions relating to the development, purpose, review, discussion, and evolution of pain management over the relevant timeframe."  Dkt. 9, at 5-6.  Setting aside the remarkable vagueness of that statement—NBME does not understand, for example, what is meant by testimony on the "evolution of pain management," or on what grounds anyone within NBME could possibly be the appropriate source for such information—it appears outside the scope of the topics even as now proposed by Cardinal. *See supra*, note 5.

## CONCLUSION

The subpoena seeks irrelevant testimony from a non-party, is overbroad, and threatens to disrupt NBME's critical work transitioning its testing operations for the licensure of physicians. NBME's cross-motion to quash Cardinal's 30(b)(6) deposition subpoena should be granted.

Dated:  July 2, 2020

By: /s/ Robert A. Burgoyne

Robert A. Burgoyne (*pro hac vice*)
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Phone: 202-654-6200
Facsimile: 202-654-6211
RBurgoyne@perkinscoie.com

Michael E. Sacks (Pa. Bar No. 39774)
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA  19103-1443
Phone: 215-255-8596
Facsimile: 215-255-8583
sacksme@hamburg-golden.com

Attorneys for National Board of Medical
Examiners

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed on July 2, 2020, via the Court's CM/ECF System, which will send notification of such filing to counsel of record for Plaintiff.

/s/  Robert A. Burgoyne
Robert A. Burgoyne

*Attorney for Defendant NBME*