## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CARDINAL, INC.,

                 Petitioner,

     v.

NATIONAL BOARD OF MEDICAL
EXAMINERS,

             Respondent.

Civil Action. No. 3:20-cv-00453

**ORDER DENYING CARDINAL HEALTH'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY NON-PARTY NBME, AND GRANTING NBME'S CROSS-MOTION TO QUASH RULE 30(B)(6) DEPOSITION SUBPOENA**

The Court has considered (1) Petitioner Cardinal Health's motion to compel discovery responses (Dkt. 1), including Respondent National Board of Medical Examiners' ("NBME's") opposition thereto (Dkt. 4), and Cardinal's reply in support (Dkt. 6-1); as well as (2) NBME's motion to quash (Dkts. 4-5), including Cardinal's opposition thereto (Dkt. 9), and NBME's reply in support (Dkt. 20).

Complying with Cardinal's subpoenas—both for supplemental documents and 30(b)(6) deposition testimony—would impose an undue burden on non-party NBME. *See* Fed. R. Civ. P. 45(d)(3)(A) ("[Courts] must quash . . . a subpoena that . . . subjects a [non-party] to undue burden."). NBME identified numerous, much more logical and informative sources for the discovery sought and Cardinal failed to rebut those arguments.

The relevance of the discovery sought is outweighed by the substantial harm to NBME and the public of complying with the subpoenas. Preparing a witnesses or witnesses for a

30(b)(6) deposition, and identifying and producing secure, non-public questions used on the United States Medical Licensing Examination ("USMLE"), would be not only unduly time-consuming and expensive, but would hinder NBME's efforts to administer the USMLE amidst the ongoing pandemic.  And, in the case of the document subpoena, requiring NBME to disclose secure USMLE questions would compromise NBME's ability to use such questions on future exams.  This would cause significant financial harm to NBME (as secure test questions are expensive to develop and, if disclosed, would need to be replaced).  It could also necessitate removing publicly disclosed "questions relating to pain management" from the pool of USMLE items that are available for constructing future exam forms.

The Special Master notes that document production was to be "completed by June 12, 2020," including discovery from third parties such as NBME.  *See City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:15-CV-01362, Dkt. 410, at 3 (S.D. W. Va. May 11, 2020).  The Special Master understands that certain deviations have been allowed for matters filed prior to the deadline but takes into consideration the need to finalize discovery and considers the ability of NBME to undertake what is being requested of them in a timely manner as a factor in determining that the burden of production is unduly burdensome.

Because Cardinal's document and deposition subpoenas impermissibly burden non-party NBME under Federal Rule of Civil Procedure 45, the Court hereby ORDERS that Cardinal Health's motion to compel is **DENIED** and NBME's motion to quash is **GRANTED**.

SO ORDERED this 8th day of July 2020.

CHRISTOPHER WILKES
SPECIAL MASTER